```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

PAUL J. MCMANN,
    Plaintiff,

    v.                                    CIVIL ACTION NO.
                                              12-12386-DPW
CENTRAL FALLS DETENTION
FACILITY CORPORATION,
    Defendant.

## ORDER

Plaintiff Paul McMann ("McMann") initiated this civil action in 2012 while he was a federal pretrial detainee at the Donald W. Wyatt Detention Facility ("Wyatt") in Rhode Island. Named as defendant is the Central Falls Detention Facility Corporation ("CFDFC"), the operator of the Wyatt facility.

By Memorandum and Order dated September 14, 2013, McMann was ordered to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Order explained that the complaint failed to specifically allege this Court's jurisdiction for his constitutional claims. Additionally, he was advised that Bivens liability does not extend to private corporations such as CFDFC.[1]

On October 1, 2013, McMann's motion for extension of time to November 29, 2013 was granted. The following month, on November 5, 2013, McMann filed a motion seeking "a stay of all deadlines"

---

[1]In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court created a cause of action under federal common law against violations of the Constitution for persons acting under the color of federal law.

because he anticipated being moved into the custody of the Federal Bureau of Prisons ("BOP") and he didn't know in which prison facility he would serve his sentence.

McMann's motion for stay was denied, see 03/14/14 Electronic Order, and he was afforded the opportunity to file an amended complaint by April 14, 2014. The Electronic Order stated that no further extensions shall be anticipated and the order was sent by first class mail to McMann at FCI Allenwood. On April 1, 2014, the Electronic Order was returned to the Court as undeliverable.

Apparently, McMann was released from BOP custody on March 14, 2014. See Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc. (last visited June 16, 2014). He failed to inform the Court of his new address as required under this Court's local rules. See District of Massachusetts Local Rule 83.5.2(e) (requiring pro se litigants to notify the clerk of any change of address). McMann clearly failed to meet the deadline of the first extension he was granted and, since that time, failed to provide his addresses at the correctional institution where he served his sentence as well as his address since his release three months ago.

The Supreme Court has recognized that district courts have inherent power to dismiss cases for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be

doubted.").

The fact that McMann has not kept the Court advised of his current address suggests that he may have lost interest in pursuing the claims asserted in his complaint. The Court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address.

Based upon the foregoing, it is hereby ORDERED the complaint is dismissed for failure to prosecute pursuant to the inherent powers of the Court and for McMann's failure to show good cause why this action should not be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

   June 21, 2014                               /s/ Douglas P. Woodlock
DATE                                       DOUGLAS P. WOODLOCK
                                                UNITED STATES DISTRICT JUDGE